IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEWIS RICE, # B-20391, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-847-JPG |
| | ) |
| R. SKIDMORE, T. PAYNE, | ) |
| C/O TINDAL, and R. POLLION, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that all Defendants were deliberately indifferent to a serious medical condition. More specifically, Plaintiff claims that after he collapsed on July 27, 2010, Defendants Pollion (a nurse) and Skidmore (a medical technician) improperly examined him after he sought treatment for chest pains and a headache. He had hit his head when he collapsed. Although Plaintiff complained about his chest pains, Defendants Pollion and Skidmore sent him back to his housing unit without treating this problem. Before he was escorted back to his cell, Plaintiff complained about his chest pains to Defendant Payne (a correctional officer), but Defendant Skidmore told Defendant Payne that Plaintiff was fine. Defendant Tindal (a correctional officer) then took Plaintiff to his cell, where Plaintiff continued to complain of having chest pains. Defendant Tindal left Plaintiff in the cell, saying "It's time for me to go home and I can't deal with this" (Doc. 1, p. 5). A short time later, Plaintiff collapsed again and was rushed back to the health care unit ("HCU"). Plaintiff's

grievance and medical records submitted with the complaint state that he was seen by the doctor the following day, and was diagnosed with a heart condition that could require a pacemaker (Doc. 1-1, pp. 2; 11-12).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Skidmore and Pollion for deliberate indifference to his complaints of chest pain.

There are two elements to an Eighth Amendment claim for deliberate indifference to medical needs: first, that the prisoner had an objectively serious medical condition, and second, that a prison official had the subjective intent of deliberate indifference to that condition. "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk." *Gomez v. Randle,* 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted).  At this stage of the litigation, Plaintiff's condition – that he suffered a fall, hit his head, and complained of chest pains and a headache – meets the requirement that he had an objectively serious medical need for treatment.  Notably, his complaint discloses that the medical professionals, Defendants Pollion and Skidmore, provided him with some treatment, after documenting his complaints of a headache and back pain (not chest pain).  His attached exhibits show that he was given water and tylenol, diagnosed with heat exhaustion, and sent back to his cell (Doc. 1-1, pp. 8-9).  However, the focus of Plaintiff's complaint is that the Defendants failed to provide him with any treatment for his chest pains, until he collapsed again and was brought back to the HCU.

Plaintiff fails to state a claim, though, against the non-medical staff, Defendants Payne

Case 3:12-cv-00847-SMY-PMF   Document 3   Filed 08/29/12   Page 3 of 4   Page ID #56

and Tindal. If a prisoner is under the care of prison medical professionals, a non-medical prison official "will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). "A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference; it is just a form of failing to provide a gratuitous rescue service." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Plaintiff's complaint states that Defendant Payne was told by Defendant Skidmore, the medical technician, that Plaintiff was fine and could return to his cell. Likewise, Defendant Tindal was aware that Plaintiff had been treated in the HCU and discharged. These correctional officers, who were not medical professionals, cannot be faulted for relying on the expertise of the medical defendants. Accordingly, they shall be dismissed from this action.

**Payment of Filing Fee**

On July 27, 2012, Plaintiff was notified by letter (Doc. 2) that this action was filed without pre-payment of the $350 filing fee. He was instructed to either pay the fee in full, or file a motion for leave to proceed in forma pauperis (IFP) accompanied by a certified prisoner trust fund statement (covering the period of January 26, 2012, to July 26, 2012) within 30 days. That time limit was up on August 27, 2012, and Plaintiff has not responded.

Plaintiff is **ORDERED** to either make full payment of the $350 fee, or file his motion to proceed IFP, no later than **September 12, 2012.** If Plaintiff fails to do so, this action shall be dismissed with prejudice for want of prosecution. *See* FED. R. CIV. P. 41(b). The Clerk is **DIRECTED** to mail Plaintiff another blank form motion to proceed IFP.

**Disposition**

Defendants **PAYNE** and **TINDAL** are **DISMISSED** from this action with prejudice. Plaintiff's claims against Defendants **SKIDMORE** and **POLLION** shall be allowed to proceed, however, service of process shall not be ordered until Plaintiff complies with the order to pay the filing fee or file his motion to proceed IFP.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:**   August 28, 2012

                                                  *s/J. Phil Gilbert*
                                                  **United States District Judge**