IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LEWIS RICE, B20391,

    Plaintiff,

vs.

R. SKIDMORE and R. POLLION,

    Defendants.

Case No. 12-cv-847-SMY-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 59) of Magistrate Judge Philip M. Frazier recommending that the Court grant defendants' Motions for Summary Judgment. (Docs 37, 42). Plaintiff Lewis Rice filed an objection (Doc. 60) to the R & R. For the following reasons, the Court adopts the R & R and grants Defendants' Motions for Summary Judgment.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Because Plaintiff filed an objection to the R & R, the Court will review the record *de novo*.

Rice is serving a life sentence for murder at Menard Correctional Center ("Menard"). On July 26, 2012 Rice filed a civil rights lawsuit (Doc. 1) pursuant to 42 U.S.C. § 1983 alleging that

his constitutional rights were violated by Menard staff. The 28 U.S.C. § 1915A merits review (Doc. 3) held that Rice articulated a colorable Eighth Amendment deliberate indifference to a serious medical condition claim against Skidmore and Pollion. Both defendants now move for summary judgment. Rice's claim arises out of incidents that occurred at Menard in 2010. At about noon on July 27 of that year Menard staff conducted a "shakedown" of the inmates' cells. A shakedown is a procedure where the prison staff conducts a thorough search of the inmates' cells and belongings for contraband. Rice along with all of the other inmates in the cell block were taken to the prison chapel while their cells were searched. The inmates were lined up directly against and facing a wall. After about 20 to 30 minutes in the chapel, Rice developed a headache and began to experience tightness in his chest. He notified the staff several times that he was not feeling well, and at about 2:00 P.M. Rice passed out.

When Rice awoke he was on a stretcher in the Menard health care unit. Nurse Pollion, Medical Technician Skidmore, Dr. Fahim, and Dr. Nwaobasi were also in the health care unit. Nurse Pollion checked Rice's vital signs and gave him a cup of water along with two pills of Tylenol. Dr. Nwaobasi told Rice that he was being treated for heat exhaustion. The health care unit at Menard is air conditioned, but the chapel and cell houses are not. Rice attempted to tell Pollion, Skidmore, Fahim and Nwaobasi that he did not think he was suffering from heat exhaustion because he was experiencing chest pain. However, the health care unit staff decided to send Rice back to the cell house.

Rice was in his cell for only a few minutes when he again fainted. Rice awoke back in the health care unit and he was treated by Skidmore and Fahim. Skidmore checked his vitals, and then Rice was examined by Fahim. Because his blood pressure was dangerously low, Rice was

admitted into the health care unit and he would remain there for the next four days. After the four days in the health care unit, Rice was released back to his cell.

On August 5, 2010 Rice again passed out while waiting in a health care unit holding cell. Rice was in the holding cell waiting to be examined as part of a regular checkup. After he passed out, Rice was admitted into the health care unit and treated by Nurse Natalie Schott. Schott told Rice that she thought his fainting was being caused by medication Rice had been taking, specifically a drug called Prazosin. About a month prior on July 7, Rice was prescribed Prazosin by psychiatrist Dr. Kowalkowski for sleep disruption and nightmares. However the drug is also used to treat high blood pressure and side effects may include weakness, tiredness, and headache. Kowalkowski discontinued the Prazosin subscription on August 4. Rice was kept under observation at the health care unit after the August 5 fainting spell and he was released on August 6. After the August 5 incident Rice had no other fainting spells. Approximately two years after these events occurred, Rice filed this lawsuit. Both defendants filed a motion for summary judgment (Docs. 37 and 42). Rice filed a response (Doc. 48) to defendant Pollion's motion, but did not file a response to Skidmore's motion.

Magistrate Judge Frazier filed his R & R (Doc. 59) on October 23, 2014, in which he recommended the Court grant Defendants' motion for summary judgment.  Specifically, regarding defendant Pollion's Motion, Magistrate Judge Frazier noted that Plaintiff failed to provide evidence that the defendants' possessed the "sufficiently culpable state of mind". Magistrate Judge Frazier concluded that the evidence presented, even when viewed in the light most favorable to Plaintiff, was insufficient to create a material issue of fact.  Regarding defendant Skidmore's Motion, Magistrate Judge Frazier pointed out that the Plaintiff did not

3

respond to the Motion and therefore considered the failure to respond as an admission of the merits of the motion.

Plaintiff filed an objection (Doc. 60) to the R & R. Plaintiff makes several arguments: that there are "a lot of very important facts that distinguish" Plaintiff's case from other cases of mere medical malpractice; that his being treated for heat exhaustion was not just an error in judgment but was unreasonable; that his symptoms were not consistent with heat exhaustion and defendant Pollion ignored him and "wrote him off" after being informed by Plaintiff of his concerns, and; that the evidence he presented supports a "strong finding in favor of both the objective and subjective components" of the required standard.(Doc. 60). The Court will now consider whether Defendants are entitled to judgment as a matter of law.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26;

*Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

The Eighth Amendment imposes liability on prison officials who "intentionally disregard a known, objectively serious medical condition that poses an excessive risk to an inmate's health." *Gonzalez v. Feinerman*, 663 F.3d 311, 313-14 (7th Cir. 2011) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Accordingly, Plaintiff must establish he suffered from an "objectively serious medical condition" and medical officials "were aware of the serious medical need and were deliberately indifferent to it." *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012).

Here, Plaintiff fails to introduce any evidence of defendant Pollion's deliberate indifference. From the evidence presented, the initial diagnosis of heat exhaustion was not unreasonable, and the diagnosis was immediately supported by a medical doctor. Even looking at the evidence in the light most favorable to the Plaintiff, there is no evidence that defendant Pollion, under these circumstances, had the required culpable state of mind. Accordingly, defendant Pollion is entitled to judgment as a matter of law.

Regarding defendant Skidmore's Motion, there was no response from Plaintiff. Pursuant to Fed. R. Civ. P. 56, "if a party fails to properly address another party's assertion of fact" the court may "consider the fact undisputed for purposes of the motion." And under Local Rule 7.1, "failure to timely file a response to a motion may, in the Court's discretion, be considered an

admission of the merits of the motion." Therefore, the Court holds that Plaintiff's failure to respond is an admission of the merits of Skidmore's Motion for Summary Judgment. However even if Rice had filed a response, the involvement of Skidmore's in Rice's treatment was minimal and conducted under the supervision of Dr. Fahim. Therefore, there is insufficient evidence to create an issue of material fact regarding an Eighth Amendment violation.

For the foregoing reasons, the Court

- **ADOPTS** the R & R (Doc. 59) in its entirety;

- **GRANTS** Defendants' Motions for Summary Judgment (Docs. 37 & 42);

- **DISMISSES with prejudice** Plaintiff's claims against defendants Skidmore and Pollion; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** November 18, 2014

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**
